PLANNED PARENTHOOD, SIOUX FALLS CLINIC; Buck J. Williams, M.D.; and Women's Medical Services, P.C., Appellees/Cross–Appellants,

v.

Walter D. MILLER, Governor, in his official capacity, and Mark W. Barnett, Attorney General, in his official capacity, Appellants/Cross–Appellees.

Nos. 94–3326, 94–3398.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 5, 1995.

Decided Nov. 13, 1995.

---

Lori A. Chaiten, Sonnenschein & Nath, Chicago, IL, Michael B. Crew, Crew & Crew, Sioux Falls, SD, Dara Klassel, Beth Otten, Roger K. Evans, Planned Parenthood Federation of America, Legal Action for Reproductive Rights, New York City, Colleen K. Connell, American Civil Liberties Union, Inc., Roger Baldwin Foundation, Chicago, IL, for Planned Parenthood, Sioux Falls Clinic, Buck J. Williams, M.D. and Women's Medical Services, P.C.

Frank E. Geaghan, Mark W. Barnett, John P. Guhin, Attorney General's Office, Pierre, S.D. for Appellants/Cross–Appellees.

Clarke D. Forsythe, Paul Benjamin Linton, Americans United for Life, Chicago, IL, for Members of the South Dakota Legislature, Amicus Curiae.

Kathryn Kolbert, Priscilla J. Smith, The Center for Reproductive Law & Policy, New York City, for American College of Obstetricians and Gynecologists, Amicus Curiae and American Medical Womens' Association, Amicus Curiae.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

This matter is now before us on the motion of Planned Parenthood and others, appellees and cross-appellants, for an award of attorneys' fees and expenses under 42 U.S.C. § 1988. The movants are clearly the prevailing parties, having obtained significant relief and having won most of the issues in the case. The question we must decide is how much to award.

The movants, whom we shall call plaintiffs, request an award of fees for the services of five lawyers. The total amount requested for lawyers' fees is $34,599. The request is made up as follows:

|  | Hours | × Rate/hr. = | Requested Award |
|---|---|---|---|
| Dara Klassel | 92.9 | $210 | $19,509 |
| Beth Otten | 24.5 | 200 | 4,900 |
| Roger Evans | 7.0 | 260 | 1,820 |
| Colleen Connell | 28.20 | 210 | 5,922 |
| Susan Wishnick | 15.30 | 160 | 2,448 |
|  |  | TOTAL = | $34,599 |

■ Two main issues need to be decided. First, what is the appropriate hourly rate? The rates requested are said to be (and we have no reason to doubt it) the prevailing rates in the Chicago market for legal services. The State of South Dakota argues that lower rates, those prevailing in the South Dakota market, should be awarded. According to the affidavit of Lawrence Long, Chief Deputy Attorney General of South Dakota, lawyers with adequate expertise are available to undertake this type of case in South Dakota. The State suggests a fee of $150 an hour. We agree in part. We have no doubt that competent South Dakota lawyers could have handled this case, and handled it well. The lawyers who actually appeared for the plaintiffs, though, do this kind of work routinely. They are leaders in the field of reproductive-rights law. They have extensive experience. Because of this, we believe they were able to handle the case in a shorter length of time than a local lawyer, without comparable experience, would have needed. We find that a rate higher than $150 an hour is appropriate, and we see no reason to reject plaintiffs' evidence concerning the Chicago market.

■ The other issue concerns the extent to which plaintiffs have prevailed. They agree that they did not prevail with respect to South Dakota's requirement that a woman be provided with certain specified information 24 hours before an abortion, hours spent on this issue have been excluded from their request. They are requesting compensation, however, for time spent on the issue of severability. This issue accounted for all or virtually all of the time of two of the lawyers, Beth Otten (24.5 hours) and Susan Wishnick (15.30 hours). It also accounted for 4 hours of the time of Colleen K. Connell. Plaintiffs argue that it does not matter that they did not prevail on this issue. They cite *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983), for the following proposition:

> Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

The severability contention, plaintiffs say, was simply an alternative ground for holding invalid the parental-notice provisions struck down in our opinion. They prevailed as to the result, achieving a declaration of unconstitutionality as to the parental-notice statute, and they should be compensated for all time spent on that question, including time spent on severability.

We do not agree with this characterization of the issues. The severability question is argued at pages 39–42 of plaintiffs' brief in this Court. We rejected plaintiffs' severability contention, holding that certain portions of the statute, constitutional in themselves, can still be enforced. The severability argument was broader than simply an alternative ground of attack on the parental-notice provisions. If it had been upheld, this argument would have resulted in invalidating, in addition, the mandatory-information provision of the Act, and plaintiffs did not prevail as to that provision. It seems to us fair, accordingly, to award half the time requested by plaintiffs on the issue of severability, and our award, set forth below, will reflect this adjustment.

Plaintiffs also request an award of $2,973.54 in expenses. The expenses are all reasonable, in our opinion, with one exception. An amount of $63.25 is requested for a limousine from the Minneapolis–St. Paul Airport to the Federal Court Building and then back to the airport on the day of the oral argument. The amount seems too large. We reduce it to $40, which would have been more than sufficient to cover a round-trip taxi.

The State asks us to remand this matter to the District Court for determination. We decline to do so. The services for which compensation is requested were performed in this Court, and we are familiar with them. It is easier for us to go ahead and decide the issue instead of burdening the District Court with it.

Accordingly, we make the following award of fees and expenses, and the Clerk of this Court is directed to request the Clerk of the District Court to add it to our mandate:

| | Hours | × Rate/hr. | = | Requested Award |
|---|---|---|---|---|
| Dara Klassel | 92.9 | $210 | | $19,509 |
| Beth Otten | 12.25 | 200 | | 2,450 |
| Roger Evans | 7.0 | 260 | | 1,820 |
| Colleen Connell | 26.20 | 210 | | 5,502 |
| Susan Wishnick | 7.65 | 160 | | 1,224 |
| | | TOTAL | = | $30,505 |

To this award of $30,505 for fees, we add $2,950.29 for expenses, for a total award of $33,455.29.

It is so ordered.